**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

STEVEN CURTIS HOBBY
f/d/b/a SAWYERS ON CAMPUS, INC.

    Debtor

Case No. 07-31772

INSTITUTIONAL JOBBERS COMPANY

    Plaintiff

    v.

STEVEN CURTIS HOBBY

    Defendant

Adv. Proc. No. 07-3078

**MEMORANDUM ON MOTION TO DISMISS**

**APPEARANCES:** LONG, RAGSDALE & WATERS, P.C.
  Garrett P. Swartwood, Esq.
  1111 Northshore Drive
  Suite S-700
  Knoxville, Tennessee  37919
  Attorneys for Plaintiff

  LAW OFFICE OF MAYER & NEWTON
  John P. Newton, Jr., Esq.
  Richard M. Mayer, Esq.
  1111 Northshore Drive
  Suite S-570
  Knoxville, Tennessee  37919
  Attorneys for Defendant/Debtor

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint Objecting to the Discharge of Debtor and to Determine Dischargeability of Debts (Complaint) filed by the Plaintiff on September 7, 2007, asking the court to deny the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2)(A), (4)(A), and (5) (2005), or in the alternative, to find that a judgment obtained against the Debtor in the amount of $33,370.97 is nondischargeable under 11 U.S.C. § 523(a)(2) (2005).[1] On October 12, 2007, the Debtor filed a Motion to Dismiss, arguing that the Plaintiff has failed to state a claim upon which relief can be granted. On October 23, 2007, the Plaintiff filed an Amended Complaint Objecting to the Discharge of Debtor and to Determine Dischargeability of Debts (Amended Complaint), in addition to a Response to Motion to Dismiss.

I

The Debtor filed the Voluntary Petition commencing his Chapter 7 bankruptcy case on June 1, 2007, and the Plaintiff timely filed the Complaint on September 7, 2007,[2] alleging that the Debtor's discharge should be denied for the following reasons: (1) he made material false statements in his Statement of Financial Affairs by grossly understating his income and failing to disclose the conveyance of real property; (2) he concealed or transferred his income with an intent to hinder, delay, or defraud the Plaintiff; and (3) he has failed to explain the loss of assets. Additionally, the Plaintiff argues that the Debtor obtained funds from it under false pretenses, and therefore, the

---

[1] As hereinafter discussed, § 523(a)(2) is comprised of two mutually exclusive subsections, (A) and (B). The Amended Complaint is ambiguous in that the Plaintiff avers at paragraph 1 that its nondischargeability claim arises under § 523(a)(2)(B), it avers at paragraph 15 that the nondischargeability claim arises under § 523(a)(2)(A), and it avers again at paragraph B of the prayer for relief that its claim be declared nondischargeable pursuant to § 523(a)(2)(B).

[2] The deadline to file complaints objecting to discharge and/or for a determination of dischargeability was September 10, 2007.

March 19, 2007 judgment in the amount of $33,370.97 that it obtained against him in the Chancery Court for Knox County, Tennessee (Judgment) is nondischargeable. The Plaintiff offers additional factual allegations in the Amended Complaint, and for the purposes of the Motion to Dismiss, all further references to the Complaint are to the Amended Complaint filed on October 23, 2007.[3]

## II

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6) (applicable in adversary proceedings by virtue of Rule 7012(b) of the Federal Rules of Bankruptcy Procedure). When contemplating a motion to dismiss under Rule 12(b)(6), the court should "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). Although all factual allegations are accepted as true, the court is not required to accept legal conclusions or unwarranted factual inferences as true. *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002). Instead, the focus should be upon "whether the plaintiff has pleaded a cognizable claim[,]" *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 452 (6th Cir. 2003), and the complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Buchanan v. Apfel*, 249 F.3d 485, 488 (6th Cir. 2001) (quoting *Conley v. Gibson*, 78

---

[3] The Amended Complaint was filed pursuant to Federal Rule of Civil Procedure 15, which provides that "[a] party may amend [its] pleading once as a matter of course at any time before a responsive pleading is served[.]" FED. R. CIV. P. 15(a). The Motion to Dismiss is not a responsive pleading, *see* FED. R. CIV. P. 12(b), and the Amended Complaint relates back to September 7, 2007, the date upon which the original Complaint was filed. *See* FED. R. CIV. P. 15(c).

S. Ct. 99, 102 (1957)). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

Additionally, a defendant may move to dismiss a complaint not meeting the requirements set forth in the Federal Rules of Civil Procedure. Specifically, "[i]n all averments of fraud . . ., the circumstances constituting fraud . . . shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." FED. R. CIV. P. 9(b) (applicable to adversary proceedings pursuant to Rule 7009 of the Federal Rules of Bankruptcy Procedure).

> In ruling upon a motion to dismiss under Rule 9(b) for failure to plead fraud "with particularity," a court must factor in the policy of simplicity in pleading which the drafters of the Federal Rules codified in Rule 8. Rule 8 requires a "short and plain statement of the claim," and calls for "simple, concise, and direct" allegations. Indeed, Rule 9(b)'s particularity requirement does not mute the general principles set out in Rule 8; rather, the two rules must be read in harmony. *See, e.g., Credit & Finance Corp., Ltd. v. Warner & Swasey, Co.*, 638 F.2d 563, 566 (2d Cir. 1981). "Thus, it is inappropriate to focus exclusively on the fact that Rule 9(b) requires particularity in pleading fraud. This is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules." 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE: Civil § 1298, at 407 (1969).

*Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988) (footnote omitted).

"Averments of fraud must be stated with particularity[, and] the threshold test is whether the complaint places the defendant on 'sufficient notice of the misrepresentation,' allowing the defendant[] to 'answer, addressing in an informed way plaintiffs [sic] claim of fraud.'" *In re LTV Steel Co., Inc.*, 288 B.R. 775, 780 (Bankr. N.D. Ohio 2002) (quoting *Coffey v. Foamex L.P.*, 2 F.3d

157, 162 (6th Cir. 1993)) (citation omitted). In order "to satisfy . . . Rule 9(b), 'the pleader must state the time, place and content of the false representation, the fact misrepresented, and what was obtained or given as a consequence of the fraud.'" *Hartley v. Elder-Beerman Stores Corp. (In re Elder-Beerman Stores Corp.)*, 222 B.R. 309, 312 (Bankr. S.D. Ohio 1998) (quoting *Bell v. Bell*, 132 F.3d 32, 1997 WL 764483, at *5 (6th Cir. Dec. 3, 1997)). Pursuant to Rule 8, these elements need only be pled "with a short and plain statement[;]" *Elder-Beerman Stores Corp.*, 222 B.R. at 312; however, "[t]he failure to identify specific parties, contracts, or fraudulent acts requires dismissal." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 564 (6th Cir. 2003). Moreover,

> [t]he more relaxed requirement of the second part of Rule 9(b), that state or condition of mind can be averred generally, must not be mistaken for a "license to base claims of fraud on speculation and conclusory allegations." *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 52 (2d Cir. 1995) (citing *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990)). Accordingly, "plaintiffs must allege facts that give rise to a strong inference of fraudulent intent." *Am. Express Travel Related Servs. Co., Inc. v. Henein*, 257 B.R. 702, 706 (E.D.N.Y. 2001).

*Master-Halco, Inc. v. Picard (In re Picard)*, 339 B.R. 542, 550 (Bankr. D. Conn. 2006). "[T]he bald assertion that a party violated a statute, unaccompanied by any description of the conduct that violated it - gives no notice of the claim, does not comply with Rule 8(a), and does not state a claim." *Mannheim Auto Fin. Servs., Inc. v. Park (In re Park)*, 314 B.R. 378, 385 (Bankr. N.D. Ill. 2004).

The Amended Complaint cites § 727(a)(2)(A), (4)(A), and (5), in addition to § 523(a)(2) as the statutory bases for the relief sought. Section 727(a) is liberally construed in favor of the debtor, and the party objecting to discharge bears the burden of proof by a preponderance of the evidence. *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 683 (6th Cir. 2000); FED. R. BANKR. P. 4005. Likewise, a party seeking a determination of nondischargeability bears the burden of proving all

5

elements by a preponderance of the evidence, *Grogan v. Garner*, 111 S. Ct. 654, 661 (1991), and § 523(a) is construed strictly against the Plaintiff and liberally in favor of the Defendants. *Rembert v. AT&T Universal Card Servs., Inc. (In re Rembert)*, 141 F.3d 277, 281 (6th Cir. 1998); *Haney v. Copeland (In re Copeland)*, 291 B.R. 740, 759 (Bankr. E.D. Tenn. 2003).

### A

The Plaintiff first objects to the Debtor's discharge under § 727(a)(2)(A), consisting of the following elements: (1) the disposition of property, including transfer or concealment, within one year of filing his bankruptcy petition, and (2) the intent to hinder, delay, or defraud creditors by disposing of his property. *Keeney*, 227 F.3d at 683-84. It requires proof that the Debtor possessed an actual intent to deceive and, because of the inherent difficulties in proving intent, circumstantial evidence, including evidence of the Debtor's conduct, may be used to establish intent. *Buckeye Retirement Co., L.L.C. v. Heil (In re Heil)*, 289 B.R. 897, 907 (Bankr. E.D. Tenn. 2003). Harm suffered by the Plaintiff is irrelevant for the purposes of § 727(a)(2)(A), and the Plaintiff is only required to prove intent to hinder, delay, or defraud creditors. *Clean Cut Tree Serv. v. Costello (In re Costello*, 299 B.R. 882, 894 (Bankr. N.D. Ill. 2003); *Cuervo v. Snell (In re Snell)*, 240 B.R. 728, 730 (Bankr. S.D. Ohio 1999).

In the Amended Complaint, the Plaintiff alleges that the Debtor has not disclosed in his statements and schedules the full amount of his income and has not accounted for funds that he received as income from U.S. Foodservice, Inc., from October 2006 through June 2007, in the approximate amount of $35,000.00, in order to conceal this income from his creditors. The Plaintiff

also alleges that the Debtor did not disclose a conveyance of real property in January 2006, to WB Holdings, LLC and Brackfield & Associates Partnership for approximately $727,500.00, again to conceal these funds from his creditors. These allegations are specific enough to put the Debtor on notice that the Plaintiff is objecting to his discharge for concealing income received in order to hinder his creditors. Taking the Amended Complaint in a light most favorable to the Plaintiff, the court finds that it has pled sufficient facts to support a finding under § 727(a)(2)(A).

**B**

The Plaintiff additionally avers that the Debtor should be denied a discharge pursuant to § 727(a)(4)(A), which requires proof that the Debtor: (1) made a statement under oath; (2) that was false; (3) he knew the statement was false when he made it; (4) he fraudulently intended to make the statement; and (5) the statement materially related to his bankruptcy case. 11 U.S.C. § 727(a)(4)(A); *Keeney*, 227 F.3d at 685; *Hendon v. Oody (In re Oody)*, 249 B.R. 482, 487 (Bankr. E.D. Tenn. 2000). Section 727(a)(4)(A) includes both affirmative false statements and omissions. *Searles v. Riley (In re Searles)*, 317 B.R. 368, 377 (B.A.P. 9th Cir. 2004). Furthermore, statements are material for the purposes of § 727(a)(4) if they "bear[] a relationship to the [debtor's] business transactions or estate, or concern[] the discovery of assets, business dealings, or the existence and disposition of property." *Keeney*, 227 F.3d at 686 (quoting *Beaubouef v. Beaubouef (In re Beaubouef)*, 966 F.2d 174, 178 (5th Cir. 1992)). This includes a debtor's statements and schedules which are executed under oath and penalty of perjury and testimony given at a meeting of creditors. *Heil*, 289 B.R. at 907.

The Amended Complaint sufficiently puts the Debtor on notice that the Plaintiff has objected to his discharge under this subsection based upon its allegations that, in order to conceal his income and assets from creditors, the Debtor grossly understated his income in his Statement of Financial Affairs in the approximate amount of $8,500.00 per month as well as on his Schedule I - Statement of Income and that he falsely reported no earnings for 2006, when he, in fact, did receive income. Taken in a light most favorable to the Plaintiff, the court finds that sufficient facts were pled with respect to § 727(a)(4).

## C

The Plaintiff also objects to the Debtor's discharge under § 727(a)(5), alleging that he has failed to adequately explain a deficiency of assets, which places upon the Plaintiff the initial burden of establishing the deficiency of assets by demonstrating that (1) at a time not too remote from the bankruptcy, the Debtor owned identifiable assets; (2) on the day that he commenced his bankruptcy case, he no longer owned the particular assets in question; and (3) his schedules and/or the pleadings in the bankruptcy case do not offer an adequate explanation for the disposition of the assets in question. *Schilling v. O'Bryan (In re O'Bryan)*, 246 B.R. 271, 279 (Bankr. W.D. Ky. 1999). The Plaintiff is not required to prove that the Defendant acted knowingly or fraudulently, as "noticeably lacking from § 727(a)(5) is any element of wrongful intent or, for that matter, any affirmative defenses – § 727(a)(5) simply imposes strict liability." *Baker v. Reed (In re Reed)*, 310 B.R. 363, 368 (Bankr. N.D. Ohio 2004).

Main Document    Page 9 of 10

Once again, the Amended Complaint provides the Debtor with sufficient notice that the Plaintiff alleges that he has failed to satisfactorily explain what happened to approximately $35,000.00 in under-reported income, as well as approximately $77,500.00 realized from the sale of real property in January 2006. Taking the pleadings in a light most favorable to the Plaintiff, the court finds that it has pled sufficient facts to withstand the Debtor's Motion to Dismiss with respect to § 727(a)(5).

**D**

The Plaintiff also requests a determination that its judgment is nondischargeable pursuant to § 523(a)(2), which allows for the nondischargeability of debts incurred through fraudulent means, predicated either upon material misrepresentations or false financial documents. *See* 11 U.S.C. § 523(a)(2). To satisfy § 523(a)(2)(A), the Plaintiff must prove that the Debtor (1) obtained something of value through material misrepresentations that he knew were false or that he made with gross recklessness, (2) that he intended to deceive the Plaintiff, (3) that the Plaintiff justifiably relied on his false representations, and (4) that the Plaintiff's reliance was the proximate cause of its losses. *See Copeland*, 291 B.R. at 760. Nondischargeability under § 523(a)(2)(B) requires proof that the Plaintiff reasonably relied upon false financial documents concerning the Debtor or an insider which were provided to the Plaintiff by the Debtor who did so with an intent to deceive the Plaintiff. *Copeland*, 291 B.R. at 780.

The Amended Complaint refers to both subsections of § 523(a)(2);[4] however, based upon the factual allegations set forth therein, that the Debtor obtained an extension of credit through false pretenses and false representations through the execution of a promissory note and that the Plaintiff relied upon his representations, clearly, the Plaintiff is asserting a claim under subsection (a)(2)(A). Furthermore, taking the allegations in a light most favorable to the Plaintiff, the court finds that the Debtor has been given sufficient notice of the nature of its claims against him, and the Plaintiff has pled sufficient facts to support a claim under § 523(a)(2)(A).

### III

In summary, the court finds that the Amended Complaint filed on October 23, 2007, sufficiently states facts upon which relief may be granted as requested under § 727(a)(2)(A), (4)(A), and/or (5), or, in the alternative, under § 523(a)(2)(A). Accordingly, the Motion to Dismiss shall be denied.

An order consistent with this Memorandum will be entered.

FILED:  October 31, 2007

>BY THE COURT
>
>/s/  RICHARD STAIR, JR.
>
>RICHARD STAIR, JR.
>UNITED STATES BANKRUPTCY JUDGE

---

[4] *See supra* n. 1.